# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILIP CHILDS,<br><br>         Plaintiff,<br>vs.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA, PROMETHEUS LABORATORIES, INC., et al.,<br><br>         Defendants. | CASE NO. 10-CV-116 JLS (AJB)<br><br>**ORDER: (1) GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS AND (2) GRANTING LEAVE TO AMEND**<br><br>(Doc. No. 18) |

   Presently before the Court is Defendant Prometheus Laboratories, Inc.'s motion for judgment on the pleadings. (Doc. No. 18.) Plaintiff opposes this motion and Defendant has replied. (Doc. Nos. 20 & 21.) Having fully considered this motion, the Court **GRANTS** the motion for judgment on the pleadings and also **GRANTS** Plaintiff leave to amend.

## BACKGROUND

   Plaintiff brings this action against his former employer, Prometheus Laboratories, Inc., and the company who underwrote and administered the life insurance policy obtained through that employment, Life Insurance Company of North America (LICNA). (Doc. No. 1, Ex. A (Compl.) ¶ 6.) Plaintiff claims that when he became disabled LICNA improperly denied his claim. (*Id.* ¶ 9.) Moreover, Plaintiff alleges that Defendant Prometheus acted in various ways which deprived Plaintiff of the disability benefits to which he was entitled. (*See Id.* ¶¶ 16, 20, & 22.)

## LEGAL STANDARD

"After the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings attacks the legal sufficiency of the claims alleged in the complaint and requires the moving party to establish that there is no issue of material fact and that it is entitled to judgment as a matter of law. *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989). "The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim." *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001); *accord Spivey v. Ohio*, 999 F. Supp. 987, 991 (N.D. Ohio 1998) (where motion for judgment on the pleadings raises a Rule 12(b)(6) defense, court properly applies the standard for a Rule 12(b)(6) motion). This Court must construe "all material allegations of the non-moving party as contained in the pleadings as true, and [construe] the pleadings in the light most favorable to the [non-moving] party." *Doyle v. Raley's Inc.*, 158 F.3d 1012, 1014 (9th Cir. 1998).

## DISCUSSION

**I.   MOTION FOR JUDGMENT ON THE PLEADINGS**

One of Plaintiff's claims in this case arises under the Employee Retirement Income Security Act of 1974 (ERISA). Congress enacted ERISA to "protect . . . the interests of participants in employee benefit plans and their beneficiaries[] by requiring the disclosure and reporting to participants and beneficiaries of financial and other information with respect thereto, by establishing standards of conduct, responsibility, and obligation for fiduciaries of employee benefit plans, and by providing for appropriate remedies, sanctions, and ready access to the Federal courts." 29 U.S.C. § 1001(b); *see also Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004). "To this end, ERISA includes expansive pre-emption provisions, which are intended to ensure that employee benefit plan regulation would be "'exclusively a federal concern.'" *Aetna Health*, 542 U.S. at 208 (citations omitted). Under this pre-emption scheme, "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Id.* at 209 (citation omitted).

"There are two strands of ERISA preemption: (1) 'express' preemption under ERISA § 514(a),

29 U.S.C. § 1144(a); and (2) preemption due to a 'conflict' with ERISA's exclusive remedial scheme set forth in 29 U.S.C. § 1132(a), notwithstanding the lack of express preemption." *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1081 (9th Cir. 2009) (citing *Cleghorn v. Blue Shield of Cal.*, 408 F.3d 1222, 1225 (9th Cir. 2005)). The first of these preempts Plaintiff's state-law claims against Prometheus.

This strand "expressly preempts 'any and all State laws insofar as they may now or hereafter relate to any employee benefit plan.'" *Id.* (citation omitted). "[T]he Supreme Court has instructed that a law relates to an employee benefit plan if it has either a 'connection with' or 'reference to' such a plan." *Id.* at 1082 (citing *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 139 (1990)). "To determine whether a law has a forbidden 'reference to' ERISA plans, we ask whether (1) the law 'acts immediately and exclusively upon ERISA plans,' or (2) 'the existence of ERISA plans is essential to the law's operation.' " *Golden Gate Rest. Ass'n v. City & County of S.F.*, 546 F.3d 639, 657 (9th Cir. 2008) (quoting *Cal. Div. of Labor Standards Enforcement v. Dillingham Constr., N.A., Inc.*, 519 U.S. 316, 325 (1997)).

"[T]o determine whether a state law has the forbidden connection [with an ERISA plan], we look both to the objectives of the ERISA statute as a guide to the scope of the state law that Congress understood would survive, as well as to the nature of the effect of the state law on ERISA plans." *Dillingham*, 519 U.S. at 325 (internal citations and quotation marks omitted). In this context, the Ninth Circuit has "recognized that [t]he basic thrust of the pre-emption clause [is] to avoid a multiplicity of regulation in order to permit the nationally uniform administration of employee benefit plans."[1] *Paulsen*, 559 F.3d at 1082 (quoting *Rutledge v. Seyfarth, Shaw, Fairweather & Geraldson*, 201 F.3d 1212, 1216 (9th Cir. 2000)) (quotation marks omitted). With this type of preemption, "a state law claim is preempted when the claim bears on an ERISA-regulated relationship, e.g., the relationship between plan and plan member, between plan and employer, between employer and employee" at least to the extent an employee benefit plan is involved. *Id.* (citing *Providence Health Plan v. McDowell*, 385 F.3d 1168, 1172 (9th Cir. 2004)); *see also Gen. Am. Life Ins. Co. v.*

---

[1] However, "the Court has established a presumption that Congress did not intend ERISA to preempt areas of 'traditional state regulation' that are 'quite remote from the areas with which ERISA is expressly concerned-reporting, disclosure, fiduciary responsibility, and the like.'" *Id.* (quoting *Rutledge*, 201 F.3d at 1216).

*Castonguay*, 984 F.2d 1518, 1521 (9th Cir. 1993).

Plaintiff's state-law claims against Defendant Prometheus are for intentional interference with an economic relationship, negligent interference with an economic relationship, and willful misconduct. (*See* Compl. ¶¶ 12–22.) In light of this, the Court can quickly determine that these claims are not forbidden under the "reference" part of the preemption test. It is clear that these laws do not act "immediately and exclusively" upon ERISA plans and that the existence of an ERISA plan is not essential to these laws' operations. *Golden Gate*, 546 F.3d at 657; *see also Paulsen*, 559 F.3d at 1082 (finding that the plaintiffs' negligence claims were not preempted under this provision).

However, these claims' preemption under the "connection with" prong is substantially obvious. As stated above, in this circuit the test for this prong is the "relationship test." *Paulsen*, 559 F.3d at 1082. Plaintiff's claims bear on one of the relationships which ERISA expressly regulates, specifically that between employer and employee involving an employee benefit plan. *Castonguay*, 984 F.2d at 1521. In each of his causes of action, Plaintiff explicitly explains that the root of the alleged torts is Prometheus's involvement in the ultimate denial of benefits under his disability plan. (*See* Compl. ¶¶ 16 ("Defendants intentionally handled Plaintiff's situation in such a manner so as to rejudice his claim for benefits"), 20 (same), & 22 (same).) These claims, were they allowed to proceed would "interfere with the relationships between the plan[] and a participant, . . . [and] between [a] company and their employee[]." *Paulsen*, 559 F.3d at 1083; *see also Tingey v. Pixley-Richards W., Inc.*, 953 F.2d 1124 (9th Cir. 1992) ("Although counts I [(breach of contract)], II [(breach of covenant of good faith and fair dealing)], IV [(intentional infliction of emotional distress)], and IX [(intentional interference with a contractual relationship)] appear to concern Mr. Tingey's employment relationship rather than his employee benefit plan, they spring from the handling and disposition of Tingey's medical benefits insurance claim and thus are subject to preemption." (citation omitted)). As such, the Court finds that the second, third, and fourth causes of action are preempted.

Although Plaintiff argues that "Defendant PROMETHEUS has not established that an ERISA plan exists," that is besides the point. (Opp. at 2.) Because of the posture of this motion, the Court must take Plaintiff's pleadings at face value. *Doyle*, 158 F.3d at 1014. Since Plaintiff has alleged that Defendant LICNA violated ERISA by denying his claim, the obvious (and only) inference is that the

1  plan at issue was an ERISA plan.  (Compl. ¶¶ 1–11.)

2  Moreover, contrary to Plaintiff's argument, his complaint never suggests that this was not an
3  ERISA plan.  (*See* Opp. at 2–3.)  This is not a complaint where the status of Plaintiff's policy is "plead
4  (sic) in the alternative."  (*Id.*)  Instead, the Complaint plainly implies that this is an ERISA plan and
5  that Defendants are therefore subject to ERISA liability.

6  Given that Plaintiff has alleged that this is an ERISA plan, Defendant Prometheus's motion
7  for judgment on the pleadings must be **GRANTED**.

8  **II.    PLAINTIFF'S REQUEST TO AMEND**

9  Plaintiff asks this Court to allow him to amend his complaint to add Prometheus as a
10 Defendant on the ERISA claim and a number of other state law causes of action.  (Opp. at 3.)  After
11 a responsive pleading has been served, a plaintiff may amend the complaint only with written
12 permission of the defendant, or with leave of court.  Fed. R. Civ. P. 15(a).  "[T]he court should freely
13 give leave when justice so requires."  *Id.*  Courts consider the following factors when deciding whether
14 or not to grant leave to amend: (1) undue delay; (2) bad faith; (3) repeated failure to cure deficiencies
15 by amendments previously allowed; (4) undue prejudice to the opposing party; (5) futility of
16 amendment.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

17 Defendant Prometheus opposes this request.  Prometheus argues that Courts "generally" only
18 allow leave to amend "when the motion is based on a pleading technicality."  (Reply at 4.)  Defendant
19 does not cite to any case law which supports their position.  This is not surprising since, at best, this
20 interpretation involves a parsimonious reading of the rule's mandate to "freely give leave when justice
21 so requires."  Fed. R. Civ. P. 15(a)(2).

22 Prometheus also argues that amendment is futile because Plaintiff is attempting "to re-assert
23 the same state law claims . . . which are clearly preempted by ERISA."  (Reply at 4.)  Although this
24 is true of the proposed First Amended Complaint, this Order clarifies for Plaintiff the issue of ERISA
25 preemption with respect to his California state-law claims.  He may, if he so chooses, alter his
26 proposed complaint to conform to the law as explained herein.  As such, the Court cannot find that
27 this is a reason to deny amendment.

28 Prometheus's final argument is that it "is not a proper party to" Plaintiff's ERISA claim

because "[s]uch a claim may only be asserted against the Plan itself."  (Reply at 4 (citing *Gelardi v. Pertec Computer Corp.*, 761 F.2d 1323 (9th Cir. 1985)).)  The Ninth Circuit has held that "ERISA permits suits to recover benefits only against the Plan as an entity, and suits for breach of fiduciary duty only against the fiduciary." *Gelardi*, 761 F.2d at 1324–25 (citing 29 U.S.C. §§ 1109(a), 1105(a), 1132(a)(1)(B), & 1132(d)); *but see Everhart v. Allmerica Fin. Life Ins. Co.*, 275 F.3d 751, 754 (9th Cir. 2001) (noting that other circuits have held that "claimants may also bring ERISA actions to recover benefits against plan administrators" but "not determin[ing] which line of cases more accurately states the law").  However, the reasoning in *Gelardi* does not hold here yet because it is not clear from Plaintiff's pleadings who, exactly, is the Plan.  Certainly, if Prometheus is not the Plan but rather simply Plaintiff's employer, it may not be sued for the recovery under ERISA. *See Gelardi*, 761 F.2d at 1324–25.  However, given the present lack of clarity in Plaintiff's complaint and the possibility of further detail in the First Amended Complaint, the Court cannot say this should prevent Plaintiff from amending.

Finally, the Court finds that all of the factors identified in *Foman* favor allowing Plaintiff to amend.  There is no indication of undue delay or bad faith.  This is the Plaintiff's first attempt to amend the complaint.  None of the Defendants have shown any undue prejudice.  And, as discussed above, amendment is not necessarily futile.  Therefore, the Court **GRANTS** Plaintiff **LEAVE TO AMEND**.

## BACKGROUND

For the reasons stated, Defendant Prometheus's motion for judgement on the pleadings is **GRANTED**.  Further, the Court **GRANTS** Plaintiff **LEAVE TO AMEND**.  If Plaintiff wishes to file a First Amended Complaint, he **MAY FILE** within 21 days of the date this Order is electronically docketed.

IT IS SO ORDERED.

DATED: August 12, 2010

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge